ORIGINAL

BICKERTON LEE DANG & SULLIVAN
JAMES J. BICKERTON          3085
STEPHANIE L. MARN           6508
Topa Financial Center, Fort Street Tower
745 Fort Street, Suite 801
Honolulu, Hawaii 96813
Telephone No. 599-3811
Facsimile No. 523-2300
Email:  Bickerton@bsds.com
        Marn@bsds.com
Attorneys for Plaintiff

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUL 01 2011

at 11 o'clock and __ min __ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MAULI OLA FOUNDATION a California corporation,<br><br>         Plaintiff,<br><br>    v.<br><br>MAULI OLA WELLNESS CENTER LLC, a Hawaii limited liability company,<br><br>         Defendant. | CV NO. CV11 00424 KSC<br><br>**COMPLAINT; EXHIBIT "A";**<br>**DEMAND FOR JURY TRIAL;**<br>**SUMMONS** |

## COMPLAINT

1. This is an action at law and in equity for, *inter alia*, trademark infringement, trademark dilution, cybersquatting, and unfair competition. Plaintiff, Mauli Ola Foundation ("MOF"), is a leading charitable organization that provides health support services and related foundation services to patients with genetic disorders. Defendant, Mauli Ola Wellness Center LLC ("Wellness Center"), is a provider of health services such as colon hydrotherapy and detoxification procedures, is using term "MAULI OLA" in connection with its health and wellness services, and is operating a website for same, without the consent of MOF. Wellness Center's use of the "MAULI OLA" mark, which is identical to MOF's trademark, MAULI OLA, is likely to cause confusion or mistake and to deceive consumers as to the source of the services provided under the "MAULI OLA" mark, or as to the sponsorship or other commercial affiliation of Wellness Center's health services, and these activities are all likely to cause considerable harm to MOF and its business.

## THE PARTIES

2. Plaintiff, a California corporation, maintains its principal place of business at 622 Bluebird Canyon Drive, Laguna Beach, California, 92651.

3. Upon information and belief, Wellness Center, is a Hawaii limited liability company and has a principal place of business at 66-216 Farrington Highway, Suite 102, Waialua, Hawaii, 96791.

## JURISDICTION AND VENUE

4. This is an action seeking injunctive relief, monetary remedies, other equitable remedies, and attorneys' fees based upon Wellness Center's trademark infringement, trademark dilution, cybersquatting, and unfair competition in connection with its use of the "MAULI OLA" trademark in relation to its health services, which unlawful acts have occurred, in significant part, in the state of Hawaii and in this district.

5. This Court has subject matter jurisdiction over this lawsuit pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367, and pursuant to the Court's pendent jurisdiction.

6. This Court has personal jurisdiction over Wellness Center because, *inter alia*, Wellness Center, by providing its services, is present in this judicial district, transacts business in this judicial district, and has committed acts in this judicial district upon which the claims asserted in this lawsuit are based.

7. Venue is proper in this judicial district under the provisions of 28 U.S.C. § 1391(b) and (c).

## PLAINTIFF AND ITS SERVICES UNDER THE MAULI OLA MARK

8. MOF is an innovative charitable foundation providing health support services to patients with genetic disorders by introducing surfing as a natural treatment for those disorders.

9. Since 2007, MOF has provided its health support and related foundation services under the trademark MAULI OLA.

10. MOF has gone to considerable expense to implement and control its charitable foundation, health, and entertainment services, as well as its related marketing materials. In doing so, it exercises great care and deliberation with respect to the best way to present its services in light of various concerns such as the health and safety of its patients, its overall impression on volunteers, sponsors, and the interested public, and to reduce the risk of copying by competitors.

11. To ensure accurate representations regarding its services, as well as consistent and safe treatment of its patients, MOF regulates all uses of its trade name, trademarks, and marketing collateral.

12. Due to the unique nature of MOF's charitable foundation and health support services, MOF and the MAULI OLA trademark is associated with third-party corporate sponsorships, is the subject of fundraising events and concerts, and is featured on and in connection with clothing and promotional items, as well as news stories and television shows.

13. MAULI OLA is an arbitrary term with respect to its health and foundation services and was adopted by MOF to identify such services, as well as the particular services that are the subject of its pending trademark application infringed by Wellness Center.

14. Through MOF's longstanding, extensive and exclusive use of MAULI OLA, the MAULI OLA trademark has become famous, and MOF has enjoyed tremendous success due to its offering of charitable foundation, health, and entertainment services under the MAULI OLA trademark. The MAULI OLA mark is readily recognizable and is a valuable asset of MOF.

15. Further, MAULI OLA is the subject of U.S. Trademark Application Serial No. 85/238,800 ("the '800 application") for the mark MAULI OLA, which was filed by MOF on February 10, 2011. The above-referenced application is based on a first use date of at least as early as April 7, 2008, in conjunction with *"entertainment services, namely, arranging and conducting sporting events and providing athletic activities as a treatment for people with genetic disorders; entertainment services, namely, arranging and conducting fundraising events and awards programs; education services, namely, providing information about genetic disorders, athletic activities as a treatment for people with genetic disorders, and events and fund raising activities supporting people with genetic disorders; multimedia entertainment services in the nature of production services*

*in the fields of music, video, and films; providing information about genetic disorders, athletic activities as a treatment for people with genetic disorders, and events and fund raising activities supporting people with genetic disorders via a global communications network.*" (A true and correct copy of this application is attached hereto as Exhibit "A".)

16. Accordingly, MOF is the owner of all common law and statutory rights in and to the MAULI OLA trademark for use on and in connection with health support services, foundation services, and "*entertainment services, namely, arranging and conducting sporting events and providing athletic activities as a treatment for people with genetic disorders; entertainment services, namely, arranging and conducting fundraising events and awards programs; education services, namely, providing information about genetic disorders, athletic activities as a treatment for people with genetic disorders, and events and fund raising activities supporting people with genetic disorders; multimedia entertainment services in the nature of production services in the fields of music, video, and films; providing information about genetic disorders, athletic activities as a treatment for people with genetic disorders, and events and fund raising activities supporting people with genetic disorders via a global communications network.*"

## WELLNESS CENTER'S WRONGFUL ACTS

17. Recently, MOF became aware that Wellness Center has been offering its health services, colon hydrotherapy, and detoxification procedures under the "MAULI OLA" trademark, and has registered and been using the domain name www.mauli-ola.com in connection with its services. (True and correct copies of web pages located at the domain www.mauli-ola.com are attached hereto as Exhibit B).

18. Wellness Center's domain name, www.mauli-ola.com is confusingly similar and identical to MOF's trademark, MAULI OLA.

19. Pursuant to the cease and desist letter sent to Wellness Center on March 10, 2011, Wellness Center's unauthorized use of the "MAULI OLA" mark in connection with its health services, colon hydrotherapy, and detoxification procedures is now made with actual knowledge of MOF's prior, longtime usage of the MAULI OLA trademark, and with the bad faith intent to trade upon the fame and goodwill associated with the mark, MAULI OLA.

20. Wellness Center's unauthorized use of the "MAULI OLA" trademark is a blatant attempt to attract consumers to Wellness Center's website and health services by leading consumers to erroneously believe that Wellness Center's services are affiliated with or sponsored by MOF.

21. MOF has no control over Wellness Center's business, and MOF's valuable reputation and the hard-earned goodwill built up in the MAULI OLA trademark for many years will be permanently damaged if Wellness Center continues to associate its health services with the famous MAULI OLA trademark and its health support and foundation services.

22. Because MOF's application for MAULI OLA is the only live mark with the United States Patent and Trademark Office incorporating the term MAULI OLA in connection with its entertainment, health, and foundation services, consumers are likely to confuse Wellness Center's health services with MOF's MAULI OLA services, or to erroneously believe that such services are being offered with MOF's consent.

23. Unless such conduct is enjoined, Wellness Center's acts will greatly injure the value of the MAULI OLA trademark and the ability of MOF to commercially identify its services under the MAULI OLA mark.

## COUNT I
## FEDERAL UNFAIR COMPETITION
## 15 U.S.C. § 1125(A) (LANHAM ACT § 43(A))

24. MOF repeats and incorporates by reference the allegations of Paragraphs 1 through 23 as if fully set forth herein.

25. Wellness Center's conduct is likely to cause confusion, to cause mistake, or to deceive consumers as to the origin, source, or sponsorship of

Wellness Center's health services offered in connection with the "MAULI OLA" mark, and is likely to create the false impression that Wellness Center's services are associated with MOF's services.

26. Wellness Center's conduct constitutes unfair competition, false designation of origin, and use of a false description in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

27. Because Wellness Center is using the "MAULI OLA" trademark in connection with its business in an unauthorized manner, Wellness Center will cause substantial irreparable harm to MOF and will continue to damage MOF and to deceive consumers unless enjoined by this Court.

28. MOF has no adequate remedy at law.

## COUNT II
## CYBERSQUATTING
## 15 U.S.C. § 1125(D); (LANHAM ACT § 43(D))

29. MOF repeats and incorporates by reference the allegations of Paragraphs 1 through 28 as if fully set forth herein.

30. Wellness Center registered the accused domain name, www.mauli-ola.com, which is confusingly similar and identical to MOF's trademark, MAULI OLA.

31. Wellness Center is a cybersquatter in violation of the Anticybersquatting Consumer Protection Act, Section 43(d) of the Lanham Act, 15

8

U.S.C. §1125(d), as Wellness Center registered and continues to use the accused domain name with a bad faith intent to profit from MOF's MAULI OLA mark.

32. By its use of the www.mauli-ola.com domain name, and by offering health services under the "MAULI OLA" trademark, Wellness Center intends to use the trademark and domain to attract consumers to its own web site for commercial gain, which will continue to harm the goodwill associated with the MAULI OLA trademark.

33. Wellness Center's conduct is continuing and will continue unless restrained by this Court. Unless Wellness Center is enjoined from engaging in its wrongful conduct, MOF will continue to suffer irreparable injury and harm, for which it has no adequate remedy at law. Wellness Center should be ordered to immediately cease operating a web site at www.mauli-ola.com. Wellness Center should also be ordered to permanently transfer ownership and registration of the domain name to MOF.

## COUNT III
## COMMON LAW TRADEMARK INFRINGEMENT

34. MOF repeats and incorporates by reference the allegations of Paragraphs 1 through 33 as if fully set forth herein.

35. Wellness Center's conduct is likely to cause confusion, to cause mistake or to deceive consumers as to the origin, source, or sponsorship of Wellness Center's health services, colon hydrotherapy, and detoxification

procedures offered in connection with the "MAULI OLA" mark, and is likely to create the false impression that Wellness Center's services are associated with MOF's charitable foundation, health, and entertainment services.

36. Wellness Center's conduct is willful, in bad faith, and with full knowledge that Wellness Center has no right, license or authority to use the "MAULI OLA" trademark or any other designation confusingly similar thereto.

37. Wellness Center's conduct is intended to reap the benefit of the goodwill that MOF has created in the MAULI OLA trademark, and constitutes trademark infringement in violation of the common law of Hawaii and other states.

38. Because Wellness Center is using the "MAULI OLA" trademark in connection with its business in an unauthorized manner, Wellness Center has caused and is causing substantial irreparable harm to MOF and will continue to damage MOF, and to deceive consumers, unless enjoined by this Court.

39. MOF has no adequate remedy at law.

## COUNT IV
## COMMON LAW UNFAIR COMPETITION

40. MOF repeats and incorporates by reference the allegations of Paragraphs 1 through 39 as if fully set forth herein.

41. Wellness Center's conduct is likely to cause confusion, to cause mistake or to deceive consumers as to the origin, source, or sponsorship of Wellness Center's health services, colon hydrotherapy, and detoxification

procedures provided in connection with the "MAULI OLA" mark, and is likely to create the false impression that Wellness Center's services are associated with MOF's charitable foundation, health, and entertainment services.

42. Wellness Center's conduct constitutes unfair competition in violation of the common law of Hawaii and other states.

43. Wellness Center's conduct is willful, in bad faith, and with full knowledge that Wellness Center has no right, license or authority to use the "MAULI OLA" trademark or any other designation confusingly similar thereto.

44. Because Wellness Center is using the "MAULI OLA" trademark in connection with its business in an unauthorized manner, Wellness Center is causing substantial irreparable harm to MOF and will continue to damage MOF, and to deceive consumers, unless enjoined by this Court.

45. MOF has no adequate remedy at law.

## COUNT V
## DILUTION
## 15 U.S.C. § 1125(A) (LANHAM ACT § 43(C))

46. MOF repeats and incorporates by reference the allegations of Paragraphs 1 through 45 as if fully set forth herein.

47. MOF's MAULI OLA trademark is distinctive because MAULI OLA is an arbitrary term in connection with health support services, charitable foundation services, and *"entertainment services, namely, arranging and*

*conducting sporting events and providing athletic activities as a treatment for people with genetic disorders; entertainment services, namely, arranging and conducting fundraising events and awards programs; education services, namely, providing information about genetic disorders, athletic activities as a treatment for people with genetic disorders, and events and fund raising activities supporting people with genetic disorders; multimedia entertainment services in the nature of production services in the fields of music, video, and films; providing information about genetic disorders, athletic activities as a treatment for people with genetic disorders, and events and fund raising activities supporting people with genetic disorders via a global communications network*" and is famous because it is widely recognized by actual and potential consumers as a designation of MOF's services. Thus, MOF's MAULI OLA trademark is famous and distinctive within the meaning of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

48. MOF's MAULI OLA trademark is famous, and was famous among Wellness Center's actual and potential customers prior to Wellness Center's first unauthorized use of the "MAULI OLA" mark in connection with its health services, colon hydrotherapy, and detoxification procedures.

49. Upon information and belief, Wellness Center's unauthorized use of the "MAULI OLA" trademark in commerce in connection with its health services

will cause a likelihood of, and actual dilution of, the distinctive quality of MOF's trademark by blurring and tarnishment.

50.  On information and belief, Wellness Center's unauthorized use of the "MAULI OLA" trademark has lessened the capacity of MOF's mark to identify and distinguish only MOF as the source of services associated with the MAULI OLA mark, in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

51.  On information and belief, MOF has suffered damages and Wellness Center has obtained profits and unjust enrichment as a result of Wellness Center's dilution of MOF's famous MAULI OLA trademark.

52.  Wellness Center's acts described herein irreparably injure MOF's business, reputation and goodwill, and will continue to do so unless and until they are permanently enjoined.

## **PRAYER FOR RELIEF**

WHEREFORE, MAULI OLA FOUNDATION respectfully requests the following relief;

A.  Preliminary and permanent injunctions prohibiting Wellness Center, its officers, directors, agents, principals, divisions, representatives, servants, employees, associates, subsidiaries, affiliates, attorneys, successors and assigns, and all persons acting by, through, under or in active concert or in participation with or controlled, either directly or indirectly, by any of them, from using the

"MAULI OLA" trademark, or any confusingly similar variation thereof, as, or as a component of, a trademark, trade name or otherwise, in connection with the advertising, promoting, marketing, offering, selling or provision of its health services, colon hydrotherapy, and detoxification procedures, and related products and services in the United States, and from otherwise infringing the MAULI OLA trademark;

  B. Preliminary and permanent injunctions requiring Wellness Center to remove all appearances of the "MAULI OLA" trademark, any confusingly similar variations thereof, or any other MOF marks from its web pages, business forms, mailing labels, invoices, sales aids, advertisements, and all other advertising, sales and promotional materials;

  C. An order requiring Wellness Center to immediately cease operating a web site at www.mauli-ola.com, and to permanently transfer ownership and registration of the domain to MOF;

  D. An order requiring the surrender to MOF of all goods and other materials in Wellness Center's possession, custody or control and bearing the "MAULI OLA" trademark, or any other designation which incorporates the "MAULI OLA" trademark, for the destruction of such goods and materials by MOF, and requiring further the filing and service of a certified report by Wellness

Center, identifying and attesting to the surrender of those goods and other materials, in such particular details as the Court shall deem appropriate;

E. An order requiring the issuance of a corrective notice by Wellness Center, approved in advance by the Court, and sent to each customer who purchased from Wellness Center any service under the "MAULI OLA" mark or any confusingly similar variations thereof, which notice indicates that Wellness Center's use of the "MAULI OLA" trademark was and is in violation of MOF's proprietary rights in the MAULI OLA trademark;

F. An accounting for all profits derived by Wellness Center and its subsidiaries and affiliates from their unlawful acts;

G. An award of such monetary remedies in an amount sufficient to compensate MOF for losses it has sustained as a consequence of Wellness Center's unlawful acts, as well as the profits of Wellness Center and its subsidiaries and affiliates attributable to the unlawful acts;

H. An award of treble damages or other enhanced monetary remedies to MOF;

I.   An award of attorney's fees and costs to MOF; and

J.   Such further relief as the Court may deem just and appropriate.

Dated: Honolulu, Hawaii,  July 1, 2011

JAMES J. BICKERTON
STEPHANIE L. MARN
Attorneys for Plaintiff
MAULI OLA FOUNDATION